IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CLIFFORD DUANE STAHL, | § | |
| | § | No. 3:12-cv-2588-G-BN |
| Defendant, | § | |
| | § | |
| AND | § | |
| | § | |
| OPPENHEIMERFUNDS, | § | |
| | § | |
| Garnishee. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court [Dkt. No. 23]. Pending before the Court is Defendant Clifford Duane Stahl's Claim for Exemption [Dkt. No. 18] and Plaintiff the United State's Motion for Final Order of Garnishment [Dkt. No. 26]. Based on the substantial briefing in this case, as well as evidence presented and arguments made at the hearing held on August 19, 2013, the undersigned recommends that Defendant's Claim for Exemption be should denied and Plaintiff's Motion for Final Order of Garnishment should be granted.

**Background**

The United States filed an Application for Writ of Garnishment seeking substantial nonexempt property belonging to or due Defendant held by Garnishee OppenheimerFunds ("Garnishee") to enforce a criminal restitution judgment entered in favor of Plaintiff against Defendant on March 7, 2012 in case number 3:09-cr-324-01. A Writ of Garnishment was properly served on Garnishee, which submitted an Answer stating that it had in its possession, custody, or control substantial nonexempt property belonging to or due Defendant. *See* Dkt. No. 25-1. Specifically, Garnishee stated that it had possession of a "Single K" account with an approximate value of $23,267.80 in which Defendant maintains an interest. *See id.* at 2.

Defendant was properly served with the Writ and timely filed a Request for Hearing and Claim for Exemption. *See* Dkt. No. 18. The undersigned granted Defendant's request for a hearing, *see* Dkt. No. 39, which was held on August 19, 2013, *see* Dkt. No. 41. However, for the reasons set forth below, Defendant failed to prove that the property held by Garnishee is exempt from garnishment under the exclusive and limited exemptions in 18 U.S.C. § 3613(a).

**Legal Standards**

18 U.S.C. § 3613(c) gives the United States the same authority for collecting fines and criminal restitution as the IRS has for collecting taxes but with fewer exemptions. *See United States v. McKnight*, No. A-08-cr-256, 2012 WL 5336165, at *1 (W.D. Tex. Oct. 26, 2012), *rec adopted*, 1:08-cr-00256-LY [Dkt. No. 24] (Nov. 20, 2012). The United States Court of Appeals for the Fifth Circuit has allowed the United States

to garnish an individual's retirement account. *See United States v. Phillips*, 303 F.3d 548 (5th Cir. 2002).

Defendant has the burden of proof for establishing an exemption from garnishment. *See* 28 U.S.C. § 3205(c)(5). Defendant claims an exemption under 26 U.S.C. § 6334(a)(6), which exempts certain annuity and pension payments. *See* Dkt. No. 18.

**Analysis**

First, Defendant asserts that his Single K account is exempt from garnishment because he is unable to withdraw funds from the account without incurring substantial penalties. *See* Dkt. No. 28 at 2. Defendant further asserts that he "has not received a payment from his Single K account, nor does he know when it will mature enough to provide any payments." *See id.*

Plaintiff responds that Defendant became eligible to withdraw a lump sum from his Single K account upon termination of his employment. *See* Dkt. No. 34 at 5-6. Plaintiff presented evidence at the hearing that Defendant's employment with the Single K account plan sponsor, Fortune Dynamic Energy, terminated and therefore Defendant was eligible to withdraw a lump sum from his Single K account without incurring certain penalties – although Plaintiff conceded that, were Defendant to withdraw funds from his Single K account on his own, certain penalties may still apply. Defendant disagreed with Plaintiff that his employment with Fortune Dynamic Energy had terminated.

The Court need not determine whether Defendant's employment with the plan

sponsor terminated. It is undisputed that Defendant has the ability to withdraw a lump sum from his Single K account, and the fact that such withdrawal might result in substantial penalties and interests to Defendant – which is all that Defendant has argued in this regard – does not hinder Plaintiff's ability to garnish the account. *See Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1222-23 (10th Cir. 1998) (defendant's right to liquidate IRA and withdraw the funds therefrom "even if subject to some interest penalty" subjected property to federal tax levy); *United States v. Tischendorf*, No. 3-10-cv-2078-G-BD, 2011 WL 2413346, at *3 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL 2327312 (N.D. Tex. June 13, 2011) (government entitled to garnish retirement account despite that fact that defendant was only entitled to terminate the account and withdraw the balance of the funds subject to withholding 20% for taxes). In addition, retirement plan distributions to satisfy a tax levy or garnishment are not subject to a 10% penalty tax that would otherwise be imposed for early withdrawal. *See United States v. Novak*, 476 F.3d 1041, 1062 n.22 (9th Cir. 2007).

Next, Defendant argues that the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673, limits Plaintiff to garnishing 25% of his Single K account. Subpart (a) of that statute, entitled "Maximum allowable garnishment," provides:

> Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
>
> (1) 25 per centum of his disposable earnings for that week....

15 U.S.C. § 1673(a).

Defendant urges that, because his Single K account is subject to income tax requirements, the funds in the account qualify as "disposable earnings" and are thus limited by the 25% cap. The CCPA defines the term "disposable earnings" as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b). It defines "earnings" to mean "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes period payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). In garnishment cases such as this one, the Fifth Circuit has interpreted "earnings" under the CCPA only to include periodic payments pursuant to a pension or retirement program that are <u>currently</u> being paid. In other words, only defendants who currently receive periodic pension or retirement payments are entitled to the 25% limitation. *See United States v. DeCay*, 620 F.3d 534, 545 n.11 (5th Cir. 2010); *see also Tischendorf*, 2011 WL 2413346, at *3; *McKnight*, 2012 WL 5336165, at *2.

There is no dispute that Defendant is not currently receiving payments from his Single K account. Indeed, Defendant has represented that he has not withdrawn any funds from the account because of the "substantial penalties and interests" that he would incur from doing so. *See* Dkt. No. 38 at 3.

As such, the 25% limitation on earnings clearly does not apply to Defendant's Single K account.

Finally, Defendant stated that he took out a secured loan of up to 50% of the value of the Single K account. *See id.* Plaintiff acknowledges that, under the terms of

the Single K account, any garnishment by Plaintiff on the account must be less the remaining balance on the loan. Therefore, Plaintiff may garnish the Single K account less any outstanding loan balance.

## Recommendation

Accordingly, the undersigned respectfully recommends that the Court deny Defendant's Claim for Exemption [Dkt. No. 18], grant Plaintiff's Motion for Final Order of Garnishment [Dkt. No. 26], and enter a Final Order of Garnishment directing Garnishee OppenheimerFunds to liquidate securities as needed and pay to the United States within 15 days from the date of the Court's final order the full liquidated value of Defendant's account, less any outstanding loan balance, and with no penalty for early withdrawal, as the substantial nonexempt property in its possession, custody, or control belonging to or due Defendant. Certified checks bearing case number 3:09-cr-324-01 should be made payable and mailed to the United States District Clerk, 1100 Commerce Street, Room 1452, Dallas, TX 75242. The undersigned further recommends that Garnishee provide written notification to the parties of the date, source, and amount of property delivered to the United States District Clerk and that the Clerk of the Court be directed to apply the property received to the judgment rendered in case number 3:09-cr-324-01 against Defendant.

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.

In addition, the Clerk shall serve a copy of these Findings, Conclusions, and Recommendation on the United States Marshal, Northern District of Texas, and, upon

receipt, the Marshal is directed to serve, by hand-delivery, on August 20, 2013 a copy of these Findings, Conclusions, and Recommendation on Defendant Clifford Duane Stahl.

Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE